UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IDAHOAN FOODS, LLC,<br><br>                 Plaintiff,<br><br>vs.<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.), Inc.,<br><br>                 Defendant. | Case No. 4:18-cv-00273-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Allied World Assurance Company (U.S.), Inc.'s ("Allied World") Motion to Extend Discovery. Dkt. 74. Allied World filed this motion at the Court's request. *See* Dkt. 69, at 20. Plaintiff Idahoan Foods, LLC ("Idahoan") does not oppose the motion generally, but does oppose the scope and timing of the specific requests.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS Allied World's Motion.

## II. BACKGROUND

On April 22, 2020, the Court issued a Memorandum Decision and Order addressing numerous pending discovery motions in this case. Dkt. 69. Because of the timing in which the various motions arose—at or near the close of discovery—as well the Court's rulings on the same, the Court instructed the parties to meet and confer and identify what outstanding discovery issues remained as a result of the Court's Decision. Dkt. 69, at 20.

After the parties' meeting, Allied World filed the instant motion identifying the remaining discovery it needs to conduct as a result of the Court's decision and the timing in which such discovery can be complete. Dkt. 74. Idahoan does not disagree with the Motion in practice, but objects to the scope of discovery as well as the timeline. Dkt. 76.

Relevant here are the Court's findings on two specific issues.

First, as part of its prior decision, the Court denied Allied World's Motion to Strike. Dkt. 69, at 11–19. Allied World had sought to exclude specific damages claimed by Idahoan, arguing they were lately disclosed. The Court disagreed, finding that while Idahoan had not *specifically* listed roughly $1.4 million in "continuing expense loss" as damages in its Rule 26 initial disclosure, its later supplementation was appropriate because these damages did not constitute a "new" category of damages but were included in its general disclosures. The Court also gave Allied World the option of "reopen[ing] discovery on the limited issue of 'lost profit' damages, or [] mov[ing] forward and seek[ing] to curb Idahoan's evidence at trial." Dkt. 69, at 18.

Second, and relatedly, Allied World sought to exclude certain damages relating to time spent by two individuals: Aaron Oberhansley and Aaron Bagley. The Court declined

to strike these damages as well.[1]

### III. ANALYSIS

**A. Lost Profits**

Allied World seeks discovery into "lost profits" damages as prepared by Idahoan's expert Scott Kimber. This is one area the Court noted would be appropriate for extended discovery. There is a disagreement, however, as to exactly what this discovery entails.

Allied World argues that in order to determine the extent of these claimed damages, it needs to analyze sales and profits in all segments. In its estimation, because Idahoan spread production among other plants during the "shutdown," it needs to analyze more than just the losses incurred at the damaged plant and in that specific segment of Idahoan's business in order to truly account the lost profits. Allied World asserts that Kimber "erroneously examined only one segment of Idahoan's production in his analysis" and as a result it "needs to analyze sales and profits in all segments." Dkt. 74, at 2.

Idahoan points to the Court's finding that Allied World could reopen discovery on "the *limited* issue of 'lost profit' damages," (Dkt. 69, at 18 (emphasis added)), and concludes that the Court should be fairly narrow in what it allows at this late stage. Idahoan does not take issues with the Court's usage of the phrase "lost profits," but emphasizes that the damages claimed here are really "continued operating expenses" for Idahoan's bulk business division and that broadening Allied World's discovery to other segments would

---

[1] The Court, however, noted that these types of costs, or "damages," would ordinarily be considered costs of litigation and recoverable later in the case (for example, as part of a motion for fees and costs). Dkt. 69, at 19. Nonetheless, Idahoan does not object to Allied World's request for limited discovery on this issue.

be akin to "globally reopening discovery." Dkt. 76, at 5. Idahoan's preference is that a single deposition of an Idahoan employee be taken to analyze the "cost of production summaries" referenced in Kimber's report. Dkt. 76, at 2.

This is a difficult question. On the one hand, the Court has given Allied World an opportunity to do discovery in a specific area and there is no need to go beyond that. Simply put: Allied World wants to challenge Kimber's report. Thus, it need only analyze that: his report and nothing more. At the same time, however, if one of Allied World's contentions is that Kimber's report is flawed, or that he failed to take certain costs into account, there is no way to know the robustness/accuracy of Kimber's report without analyzing it against the broader data. The Court is not interested in fishing expeditions; however, the Court is also not interested in another round of motions to compel or motions to re-open discovery again because this round was too narrow.

In short, the Court will allow Allied World to do discovery into this claim in the slightly broader fashion it has outlined.[2] To be sure, Idahoan will have full opportunity later to argue why the finder of fact should disregard certain evidence (the data from other segments for example), but in order to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is better to fully address and exhaust these issues now, than to keep coming back to the discovery table and

---

[2] As the Court previously found, Allied World should have been generally aware of these types of damages and acted appropriately; however, the previous dispute—how the damages were grouped or referenced—appears to have led to Allied World forgoing certain discovery. The Court is not awarding Allied World for its misunderstanding or granting it a second bite at the apple, but again, because of Allied World's misunderstanding, it did not utilize discovery with an eye towards these damages and should be given a fair opportunity to do so. The Court, however, fully expects Allied World to abide by notions of fair play and equity and not use the Court's order unnecessarily to delve into areas of discovery that have already closed.

MEMORANDUM DECISION AND ORDER - 4

unnecessarily delaying resolution on this case.[3]

### B. Oberhansley and Bagley

Idahoan has already offered to produce documents supporting these damages as well as to allow the depositions of Oberhansley and Bagley. Allied World confirms that this is probably all the discovery it will need in this area, but argues that because fact discovery has closed, Idahoan should not be allowed to produce these documents. The fact, however, is that Allied World needs this information. Idahoan shall, therefore, turn over the information it has offered.

Finally (and unrelatedly), pursuant to the Court's prior order, Allied World was to complete production of insurance reserve and reinsurance information. It appears Allied World *may* have already complied. If not, it should complete such production forthwith.

## IV. CONCLUSION

The Court's primary purpose is to get to the merits of any case. Fed. R. Civ. P. 1. Here, reopening discovery in this limited manner will allow both sides the opportunity to fairly and completely prepare their case for disposition. While there will be a slight delay, such is necessary to ensure the factfinder has a complete and accurate picture of the dispute and can render decisions accordingly.

---

[3] Again, the Court expects Allied World's discovery to be narrowly tailored to the issues at hand. Kimber's report was limited to losses incurred by a singular division and during a relatively short time frame. While Allied World may need some limited discovery outside that timeframe and/or outside that division for context and comparison, it should adhere to Federal Rule of Civil Procedure 26(b)(1) and keep its request relevant and proportional.

## V. ORDER

1. Allied World's Motion to Extend Discovery (Dkt. 74) is GRANTED as outlined below.

2. The limited discovery schedule is as follows:

| | |
|---|---|
| **June 12, 2020** | Allied World will complete production of reserve and reinsurance information (if it has not already done so). |
| | Idahoan will produce all documents supporting damages claim calculated by Oberhansley and Bagley—if it has not already done so. |
| **June 19, 2020** | Allied World shall serve limited, targeted supplemental interrogatories and requests for production on Idahoan re: continued operating expense loss. |
| **July 20, 2020** | Idahoan shall produce responses to Allied World's discovery requests. |
| **August 31, 2020** | Completion of all fact depositions/discovery on limited issue of continued operating expenses. |
| **September 30, 2020** | Supplemental expert reports deadline. |
| **October 21, 2020** | Rebuttal reports deadline. |
| **November 4, 2020** | Expert discovery deadline. |
| **December 4, 2020** | Dispositive motion deadline. |

DATED: June 10, 2020

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6